IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT HAMPTON                                                                                      PLAINTIFF

v.                                      Civil No. 1:12-cv-01103

DAVID JOHNSON, *Sheriff, Ashley County*
MARK GRIEVER, *Deputy,* and
JOHN DOE, *Certain Jail Administrators to be named later*
                                                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' Motion for Summary Judgment. ECF No. 13. This Motion was filed on January 8, 2014. *Id.* Thereafter, on January 30, 2014, the Court directed Plaintiff to complete, sign, and return a response to this Motion by February 21, 2014. ECF No. 17. On February 20, 2014, Plaintiff timely completed and filed this response. ECF No. 18. This Motion is now ready for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, and consistent with the following reasoning, the Court recommends Defendants' Motion for Summary Judgment (ECF No. 13) be **GRANTED** in its entirety.

**1.     Background:**

On October 19, 2012, Plaintiff filed this *pro se* lawsuit against Defendants David Johnson ("Johnson"), Mark Griever ("Griever"), and John Doe or certain jail administrators. ECF No. 1. No additional individuals have been substituted for "John Doe." Accordingly, the Court will only consider Plaintiff's claims against Johnson and Griever and will refer to them collectively as "Defendants."

In his Complaint, Plaintiff alleges that on October 6, 2012, he was involved in an altercation with his neighbor Johnnie Miller. ECF No. 1. Plaintiff claims he sustained "serious injuries" as a result of this altercation. *Id.* At some point after this altercation, Griever was called to Plaintiff's house. Plaintiff claims he was then "falsely arrested by Griever" when he "made a comment about . . . having a shotgun." *Id.* Plaintiff claims he was then taken and booked at the Ashley County Detention Center. ECF Nos. 1, 18.

While at the Ashley County Detention Center, Plaintiff claims his constitutional rights were violated. ECF No. 1. Specifically, Plaintiff claims Defendants were deliberately indifferent to his serious medical needs during his incarceration at the Ashley County Detention Center, and Defendants subjected him to conditions of confinement consisting of "no running water," a denial of clean clothes, and an allowance of only one shower during a four-day period. *Id.* Further, Plaintiff alleges he was not taken before a judge within seventy-two (72) hours which was in violation of Arkansas and federal law and was not allowed access to legal representation. *Id.*

Defendants filed an answer to Plaintiff's Complaint on November 13, 2012 disputing Plaintiff's claims. ECF No. 5. Thereafter, on January 8, 2014, Defendants filed the current Motion for Summary Judgment. ECF No. 13. With this Motion, Defendants claim they are entitled to summary judgment for the following reasons: (1) Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") prior to filing this lawsuit; (2) they had no personal involvement in the allegedly wrongful acts; (3) Plaintiff has not provided sufficient evidence demonstrating his constitutional rights were violated; and (4) they are entitled to qualified immunity. *Id.* Plaintiff filed a timely response to this Motion on February 20, 2014 by responding to the Court's questionnaire. ECF No. 18. This Motion is now ripe for consideration.

**2.     Applicable Law:**

A federal court is authorized to grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial. *See id.* at 324. A mere scintilla of evidence in support of the non-movant's position is insufficient. *See Anderson,* 477 U.S. at 252. To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Ark.,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted).

Pursuant to Rule 56(c)(1) of the Federal Rules of Civil Procedure, the nonmoving party should provide summary judgment evidence to support his or her claim that there are triable fact issues. Such supporting documentation includes "particular materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

**3.     Discussion:**

As noted above, Defendants claim they are entitled to summary judgment for the following reasons: (1) Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") prior to filing this lawsuit; (2) they had no personal involvement in the allegedly wrongful acts; (3) Plaintiff has not provided sufficient evidence demonstrating his constitutional rights were violated; and (4) they are entitled to qualified immunity. *Id.*

The Court has considered Defendants' arguments. Based upon the undisputed facts, Plaintiff's lawsuit as to his conditions of confinement is likely barred because he did not exhaust his administrative remedies. However, even if these claims are not barred for lack of administrative exhaustion, the Court also finds Plaintiff's claims against Johnson should be dismissed because Johnson had no personal involvement in any of the allegedly wrongful conduct. Likewise, Plaintiff's claims against Griever should be dismissed because Griever had no personal involvement in the allegedly wrongful treatment during confinement, and Griever is entitled to qualified immunity for his arrest of Plaintiff. As a final point, the Court finds Plaintiff's official capacity claims are also barred. Thus, the Court will only address these arguments.[1]

A.  **Administrative Exhaustion**

Defendants claim Plaintiff's case is entirely barred because he failed to exhaust his administrative remedies prior to filing suit. ECF No. 14 at 1-2. In accordance with 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under Section 1983" by a prisoner[2] "until such administrative remedies as are available are exhausted." The requirement of

---

[1] Defendants' third argument is based upon facts that are in dispute. Because Plaintiff's case is legally barred based upon the undisputed facts, there is no need to address the disputed facts.

[2] "Prisoner" is a defined term and includes "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. §

exhaustion is mandatory. *See Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003) (holding "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Full exhaustion, not partial, is also required. *See Graves v. Norris,* 218 F.3d 884, 885 (8th Cir. 2000) ("§ 1997e(a) requires that all available prison grievance remedies . . . be exhausted as to all of the [plaintiff's] claims").

With Defendants' Motion, they provided an affidavit from Chief Deputy Marilyn Smith of the Ashley County Sheriff's Department demonstrating Plaintiff did not exhaust his administrative remedies. ECF No. 15-3. In this affidavit, Ms. Smith states under oath and the penalty of perjury that she is the custodian of records for the Ashley County Detention Center. *Id.* ¶ 2. She states the Ashley County Detention Center has "an established grievance procedure and medical request procedure, and detainees are informed of the procedure in the Inmate Handbook when they are booked into the facility." *Id.* ¶ 3. She further states "[b]ased upon the records, there are no medical requests or grievances from Plaintiff during his incarceration in early October of 2012." *Id.* ¶ 4. Based upon the information contained in this affidavit, Defendants claim Plaintiff did not exhaust his administrative remedies. ECF Nos. 14-15.

In his response to Defendants' Motion for Summary Judgment, Plaintiff does not dispute the fact that he did not file a formal grievance or a request for medical treatment while he was detained. ECF No. 18 at 1-2. He states he did not do so because he "was not given the opportunity." *Id*. Notably, he does not claim he was unaware or not notified of this grievance procedure. *Id.* Plaintiff also does not claim he was denied access to the grievance procedure. *Id.* Further, even after being

---

1997e(h)(2013). Plaintiff is no longer in jail, and it is unclear whether he now qualifies under this provision as a "prisoner." However, because this case should otherwise be dismissed, the Court will assume for purposes of this analysis that Plaintiff qualifies as a "prisoner" under this statute.

released and being free to fully comply with the grievance procedure, Plaintiff still did not comply with this grievance procedure but instead "orally" stated his objections to his treatment during incarceration. *Id.* at 4.

Based upon these facts, because Plaintiff did not administratively exhaust his remedies prior to filing this lawsuit, Plaintiff's conditions of confinement claims should be dismissed in accordance with 42 U.S.C. § 1997e(a). As a final point, to any extent Plaintiff believed these grievance procedures would be futile, this still does not excuse his failure to comply. *See Lyon v. Vande Krol,* 305 F.3d 806, 809 (8th Cir. 2002) (holding the court is not permitted "to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available'"). However, because his allegedly unlawful arrest would not be covered under Section 1997e(a), that claim should not be dismissed for lack of administrative exhaustion.[3]

    **B.**     **No Personal Involvement**

Even if Plaintiff had properly exhausted his administrative remedies or, as indicated above, he does not qualify as a "prisoner," the Court also finds Plaintiff's conditions of confinement claims should be dismissed because the named Defendants had no personal involvement in the allegedly wrongful treatment at the Ashley County Detention Center. Indeed, apart from Griever's allegedly unlawful arrest of Plaintiff, Defendants had no personal involvement in the facts of this case. ECF No. 14 at 2-3. At best, they potentially had supervisory roles and, as such, are not vicariously liable in a Section 1983 action.

In a 42 U.S.C. § 1983 case, a supervisor cannot be held liable "merely because a subordinate

---

[3] Nevertheless, as outlined below, Plaintiff's claim for unlawful arrest should also be dismissed because Griever is entitled to qualified immunity.

violated someone's constitutional rights." *Otey v. Marshall,* 121 F.3d 1150, 1155 (8th Cir. 1997). "[F]or a supervisor to be held liable for the acts of a subordinate, something more must be shown than merely the existence of the supervisor-subordinate relationship." *Ripson v. Alles,* 21 F.3d 805, 809 (8th Cir. 1994) (*quoting Clay v. Conlee,* 815 F.2d 1164, 1170 (8th Cir. 1987)). Further, "mere negligence in failing to detect and prevent a subordinate's conduct is not enough for liability under Section 1983." *See Ripson,* 21 F.3d at 809.

In the present action, Johnson had no personal involvement in Plaintiff's arrest or his detention. Plaintiff does not dispute this fact. ECF No. 18 at 4-5. Plaintiff responded to the Court's questionnaire as follows: "5. Was Defendant David Johnson present at the time of your arrest? YES____ or NO__X___" and "Did you ever speak to Defendant David Johnson or have any contact with him following your arrest up till the time you were released from the Ashley County Detention Center? YES____ or NO __X____." *Id.* As further outlined above, Plaintiff also did not comply with the internal grievance procedure of Ashley County Detention Center which then could have conceivably involved Johnson. Thus, Plaintiff has not demonstrated Johnson had any personal involvement in this matter such that he could be liable under 42 U.S.C. § 1983.

Likewise, although he was personally involved in arresting Plaintiff, Griever had no personal involvement after Plaintiff was booked at the Ashley County Detention Center. Plaintiff also does not dispute this fact. ECF No. 18 at 5. Plaintiff stated in response to the Court's questionnaire in this matter that his only contact with Griever after his arrest was in regard to an unrelated matter. *Id.* Plaintiff stated: "There was an ongoing neighbor dispute. I called for assistance, and Deputy Griever came over. I explained what was going on. At one point, he noticed my degree in criminal justice hanging on my wall. At one point he stated 'That's more than I have.'" *Id.* Thus, apart from

his arresting Plaintiff, Plaintiff has not demonstrated Griever had any personal involvement in this matter such that he could be liable under 42 U.S.C. § 1983.

### C. Qualified Immunity

Defendants do not dispute Griever did have personal involvement in arresting Plaintiff and was responsible for arresting Plaintiff. In his Complaint, Plaintiff alleges Griever's arrest was unlawful and was in violation of his constitutional rights. ECF No. 1. In response to Plaintiff's argument that he was arrested in violation of his constitutional rights, Griever claims he is entitled to qualified immunity for this arrest. ECF No. 13. Upon review of Griever's argument, the Court agrees with Griever and finds he is entitled to qualified immunity.

Qualified immunity affords Griever immunity from suit if he did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Akins v. Epperly,* 588 F.3d 1178, 1183 (8th Cir. 2009) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Further, this defense "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Id.* (*quoting Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

The test of qualified immunity is two-part: (1) whether there is sufficient evidence the officer "violated a constitutional right" and (2) whether the "constitutional right [the officer violated] was so 'clearly established' at the time of the alleged violation that a reasonable officer would have known that his conduct was unlawful." *Atkinson v. City of Mountain View, Mo.,* 709 F.3d 1201, 1211(8th Cir. 2013). Here, the first question is whether there is sufficient evidence that Griever violated Plaintiff's constitutional rights by arresting him. This is a question of law that must be decided at the summary judgment stage by taking facts in a light most favorable to Plaintiff. *See Wimbley v. Cashion,* 588 F.3d 959, 961 (8th Cir. 2009).

In the present action, Plaintiff alleges he was unlawfully arrested by Griever. ECF No. 1. For an arrest to be considered unlawful, that arrest must not be supported by probable cause. *See Small v. McCrystal,* 708 F.3d 997, 1003 (8th Cir. 2013). In the present action, however, taking the facts in a light most favorable to Plaintiff, there is no indication this arrest was not supported by probable cause. Indeed, Plaintiff admits he was involved in a fight that ensued on October 6, 2012. ECF No. 18 at 6, 10, 13. Plaintiff admits this fight was "before midnight" on October 6, 2014, and he was arrested at about 11:00 p.m. ECF No. 18 at 12. Plaintiff admits he was covered in blood when Griever arrived, indicating he was involved in the fight. ECF No. 18 at 6. Plaintiff admits that at the time Griever was called to his residence after the fight, he referenced to Griever that he had a shotgun, indicating he could have been a threat to Griever and others. ECF No. 1.

Based upon these facts, and viewing them in a light most favorable to Plaintiff, the Court finds Griever's arrest of Plaintiff was supported by probable cause such that there was no constitutional violation and Griever is entitled to qualified immunity for his arrest of Plaintiff. *See Joseph v. Allen,* 712 F.3d 1222, 1227 (8th Cir. 2013) (holding "[t]he law does not require law enforcement officers to conduct a perfect investigation to avoid suit for false arrest" and finding an officer had probable cause to arrest the plaintiff for first degree assault where the totality of the circumstances indicated the plaintiff had committed first degree assault even though may have been some evidence detracting from that finding).

### D.     Official Capacity Claims

Plaintiff also alleges official capacity claims against both Defendants. ECF No. 1. By suing them in their official capacities, Plaintiff is actually suing their employer or the Ashley County, Arkansas. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (holding official capacity suits

generally present only another way of pleading an action against an entity of which an officer is an agent).

To be liable under Section 1983, Ashley County must have a policy or custom which authorized the purported constitutional violations. *See Turney v. Waterbury,* 375 F.3d 756, 761 (8th Cir. 2004). Here, Plaintiff has not alleged or provided any evidence demonstrating these constitutional violations result from a policy or custom of Ashley County, Arkansas. ECF Nos. 1, 18. Accordingly, the official capacity claims against Defendants, and their employer Ashley County, Arkansas, should likewise be dismissed.

**4.     Conclusion:**

Accordingly, based upon the foregoing, the Court recommends Defendants' Motion for Summary Judgment (ECF No. 13) be **GRANTED** in its entirety. Plaintiffs claims against Johnson and Griever in both their individual and official capacities should be dismissed, and Plaintiff's case should be dismissed with prejudice.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **11th day of March 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE